# R. H. NOYES, JR.
*v.*
# DEPARTMENT OF REVENUE

Jon W. Nickel, Tonkon, Torp & Galen, Portland, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered January 30, 1978.

CARLISLE B. ROBERTS, Judge.

On January 1, 1976, the plaintiff was owner of improved real property in Multnomah County, described as Lot 38, Abernathy Heights Addition, City of Portland, County of Multnomah, located at 240 S. W. Tryon Hill Road, Portland (Assessor's Account No. 1-00110-1740, Levy Code 304). The real property consists of 3.44 acres of land, with improvements described by the Multnomah County Assessor/Tax Collector's appraiser as a mansion-type residence built in 1927 with 3,675 square feet on the first floor and 2,700 square feet on the second floor, with a 2,700 square foot basement, and a pool, tennis court and outbuilding.

As of January 1, 1975, the real property was valued by the assessor/tax collector at $122,220 (allocated between the land, $49,260, and the improvements, $72,960). On April 23, 1976, pursuant to ORS 308.280, the Division of Assessment and Taxation of Multnomah County mailed an official notice to the plaintiff, stating that the values for 1976-1977 would be increased to $122,000 for land and $78,000 for improvements, a total of $200,000. The plaintiff petitioned the board of equalization for a reduction in values, pursuant to ORS 309.100, and testified before the board. On August 10, 1976, the Multnomah County Board of Equalization issued a form of order to the plaintiff (Petition No. 646a), omitting specific figures but stating:

> "The Board having duly considered the petition of the above named petitioner, the Board finds that the assessment is in equal and ratable proportion to other assessments of like kind and character.

"NOW, THEREFORE, the Board hereby orders that the assessment as found by the Assessor of Multnomah County for the year 1976 be and the same is hereby sustained."

In preparation for an appeal from the county board of equalization to the Department of Revenue, pursuant to ORS 306.515 (1975 Replacement Part), the plaintiff discovered that on August 13, 1976, three days after the board had issued its order, *supra* to the plaintiff, the assessor/tax collector's office record with respect to the subject property was amended by drawing an inked line through the summary of assessed valuation of real property on Assessor's Account No. 1-00110-1740, thus purporting cancellation of "1976, land $122,000, improvements $78,000, total $200,000," and inserting thereafter, on the next line, under date of August 13, 1976: "1976, land $85,500, improvements $114,500, total $200,000." No notice of this change between land and improvements, without affecting the total, was given to the taxpayer.

How such a change was authorized by the board of equalization, after sending its notice to the taxpayer, confirming the "assessment as found by the Assessor," and how such change was lawfully acted upon by the assessor/tax collector, was not made clear by the record in this suit. Counsel for defendant, in his Answering Brief, filed in this court on November 8, 1977, states, beginning at 1, line 24, that the assessor/tax collector's office acted "on the oral direction of the board [of equalization to] change the valuation on the tax rolls lowering the land to $85,500 and increasing the improvements to $114,500. * * *" (Emphasis supplied.)

Assuming counsel's statement as fact, patently the board's oral order was a void act. ORS 309.110 specifically requires the county board of equalization to give its orders in writing and not orally. ORS 309.110(1) specifies:

"The action of the board upon every petition for the reduction of a particular assessment, and the determinations of the board that certain corrections, additions to or changes in the roll should be made, shall be entered of record by formal order. A copy of the order as to each petition shall be sent, by registered or certified mail, to the petitioner at the post-office address given in his petition, and a copy of all orders shall be delivered to the assessor not later than five days after the adjournment of the board meetings. *The orders of the board shall specify what changes shall be made in the roll, if any, and shall direct the assessor to make them.* The district attorney shall aid the board in the preparation of its orders." (Emphasis supplied.)

■ ■ As pointed out by the Oregon Supreme Court in *Anaconda Company v. Dept. of Rev.,* 278 Or 723, 729, 565 P2d 1084, 1088 (1977), where the statute provides a significant procedural protection for the taxpayers, such as ORS 309.110, the administrative agency "must demonstrate that its procedural failure * * * was harmless error, not place on the taxpayer the burden to demonstrate substantial prejudice. [Footnote omitted.] * * *" The court's decision made clear that when there is no ground for failure to carry out the statutory requirements, the procedural failure voids the administrative action.

The assessor/tax collector should not have carried out the oral order. It was wholly void. However, the order of the board of equalization dated August 10, 1976, affirming the original assessment by the assessor, was lawful. It set the value of the improvements at $78,000.

■ Plaintiff never challenged the allocation of value to the land for 1976-1977 in this court, having elected to protest only the increase in value of the improvements to $114,500 as of January 1, 1976, under the order of the board which the court holds void in all respects. Such an election was approved in *Nepom v. Dept. of Revenue,* 272 Or 249, 536 P2d 496 (1975) (but quite possibly it was made in this suit

under a mistaken notion that the board's oral amendment of land value would stand. The court can only speculate on this question. However, it must act on the issue presented, the value of the improvements as of January 1, 1976.)

At trial, plaintiff's expert witness made a prima facie case, establishing the value of the property improvements at $87,000. The defendant's expert witness did not give sufficient attention to the defects in the house's arrangements (*e.g.,* visitors, using the guest wing, must traverse the kitchen). The court accepts the testimony of the expert witness for the plaintiff that a knowledgeable buyer, required to make a large investment for a house of this class, would regard the patent defects with a critical eye and a diminished offer.

■ Plaintiff's expert witness appeared to the court to be more knowledgeable in the premises than other witnesses and to have submitted the preponderance of the evidence on value. Although plaintiff pleaded a value of $78,000, "the court has jurisdiction to determine such value on thè basis of the evidence before it, without regard to the values pled by the parties." ORS 305.435, as amended by Or Laws 1977, ch 870, § 30.

The Department of Revenue's Order No. VL 77-48 is set aside and held for naught and a decree shall issue from this court ordering the Multnomah County Assessor/Tax Collector, Division of Assessment and Taxation, Multnomah County, to correct the assessment and tax rolls for the tax year 1976-1977, showing the value of the improvements, as of January 1, 1976, to be $87,000.

Plaintiff is entitled to his costs.